# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 25, 2006 Session

## LINDA RIGGAN WOOD, ET AL. v. TERRY RIGGAN LOWERY, ET AL.

**A Direct Appeal from the Chancery Court for Shelby County**
**Nos. CH-03-1197-1, CH-04-0254-3     The Honorable Walter Evans, Chancellor**

---

**No. W2006-00901-COA-R3-CV - Filed March 6, 2007**

---

Holly M. Kirby, J., Separate Concurrence:

I concur fully in the majority opinion in this case, with the exception of the majority's discussion of one issue. The majority notes that the executrix, Ms. Wood, was bound "to the exercise of that degree of diligence, prudence, and caution which a reasonably prudent, diligent, and conscientious business [person] would employ in the management of [their] own affairs of a similar nature." *In re Estate of Inman*, 588 S.W.2d 763, 767 (Tenn. Ct. App. 1979). The majority finds that the trial court implicitly determined that Ms. Wood acted in accordance with this standard, insofar as she was attempting to recoup the original investments made by her father in Revelation and Lowery Riggan Company. It is unclear whether the majority holds that the evidence preponderates in favor of this implicit finding, because the majority then goes on to note that, in order to collaterally attack an estate that has been closed without appeal, Ms. Lowery would be required to make allegations in the nature of fraud, mistake, or the like, and no such allegations were made.[1]

To the extent that the majority's opinion can be read to find that the trial court correctly found that Ms. Wood acted in a reasonably prudent manner, I must disagree. Certainly she acted in good faith, and it appears that her investment decisions were similar to those made by her father prior to his death. But her investment decisions were nevertheless unwise and imprudent. The fact that the Decedent invested heavily in Revelation and Lowery Riggan Company does not authorize the executrix to continue such unwise investments with the estate assets entrusted to her care.

---

[1]"An order or decree rendered on the final settlement of a personal representative is not subject to collateral attack, except where there is fraud, misrepresentation, accident, or mistake, or where the court acted without jurisdiction or the order or decree was wholly void." 34 C.J.S. Executors and Administrators § 868 (1998) (footnotes omitted).

Nevertheless, I concur because, as noted by the majority, Lowery's allegations are insufficient to collaterally attack an estate that has been closed.

_____
HOLLY M. KIRBY, JUDGE